UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BENJAMIN SASOON and<br>MARGA CELADO,<br>Individually and on Behalf of All Other<br>Persons Similarly Situated,<br><br>    Plaintiff,<br><br>v.<br><br>POSTMATES, INC.,<br><br>    Defendant. | Civ. Action No. 17-11397-JCB |

**ORDER GRANTING PRELIMINARY**
**APPROVAL OF CLASS ACTION SETTLEMENT**

July 1, 2019

Boal, M.J.

On February 13, 2019, this Court held a hearing on the parties' Joint Motion for Preliminary Approval of Class Settlement Agreement, Directing Notice to the Class, and Scheduling Fairness Hearing. Docket No. 41. The parties subsequently submitted supplemental filings in support of their motion. Docket Nos. 48, 50, 52. This Court held a further hearing on June 17, 2019. On June 28, 2019, the parties submitted a revised, signed settlement agreement and a revised proposed notice to class members. Docket No. 58. Having considered all the papers submitted in support of the motion, and the arguments from the parties, this Court HEREBY ORDERS THE FOLLOWING:

1. For settlement purposes only, the Court conditionally certifies a Settlement Class, pursuant to Rule 23 of the Federal Rules of Civil Procedure, defined as:

>All third-party independent delivery professionals/couriers who delivered food or goods in Massachusetts for Postmates from June 27, 2014 to the date of preliminary approval of the settlement, and who did not sign an arbitration agreement with the Defendant (the "Class").

2. The Court finds, for purposes of settlement only, that the prerequisites for a class action under Rule 23 of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Class members is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the named representative are sufficiently typical of the claims of the Class he seeks to represent; (d) the class representatives and their counsel will fairly and adequately protect the interests of the Class; (e) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual Class members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

3. The Court conditionally appoints Benjamin Sassoon and Marga Celado as representatives of the Class for purposes of settlement and final approval of this Settlement.

4. The Court grants preliminary approval of the Settlement on the terms set forth in the Class Action Settlement Agreement filed by the parties on June 28, 2019 (Docket No. 58-1).  The Settlement appears to the Court on its face to be fair, adequate, and reasonable.

5. The Court approves, as to form and content, the Notice of Proposed Class Action Settlement that was attached to the Fourth Supplement to Motion for Preliminary Approval of Class Settlement Agreement, Directing Notice to the Class, and Scheduling Fairness Hearing (Docket No. 58-3) (the "Settlement Notice") and approves the manner of giving notice set forth in paragraph 9 below.  The Court finds that the Settlement Notice and manner of giving notice meet the requirements of due process, provide the best notice practicable under the circumstances and constitute due and sufficient notice to all persons entitled thereto.

6. Class members shall be bound by all determinations and judgments in this action, whether favorable or unfavorable to the Class, unless such persons elect to be excluded from the Class in a timely and proper manner, as hereinafter provided. The request for exclusion must be signed by such person and shall include: the case name and case number, the full name, current address, telephone number, and last four digits of the social security number of the person requesting exclusion and a statement that the person wishes to be excluded from the Class. A request for exclusion must be mailed or emailed to the Claims Administrator postmarked no later than 30 days after the mailing of the Settlement Notice. Class members who exclude themselves from the Class shall not be entitled to receive any payment as described in the Settlement Agreement and Settlement Notice.

7. The Court will consider any Class Member's objection to the Settlement or any of its terms only if such Class Member has served a written objection, along with any supporting briefs or materials, to the Court and counsel for both parties within forty-five (45) days following the date on which the Claims Administrator mailed the Settlement Notice. Any Class Member who does not make his or her objection in the manner provided for in the Settlement Notice shall be deemed to have waived such objection.

8. Any Class member may enter an appearance in this action, at his or her own expense, individually or through counsel of his or her choice. If any Class member does not enter an appearance, he or she will be represented by Plaintiff's Counsel.

9. The Court orders the following schedule for the implementation of the Settlement:

    a. Defendant shall pay the Settlement Fund, in the amount of $85,000, to the Claims Administrator within ten (10) days after the entry of this

       Order, at which time the Claims Administrator shall deposit the Settlement Fund.  The Claims Administrator shall hold the Settlement Fund in escrow until distribution.

b.      Within seven (7) days after entry of this Order, Postmates will provide the Claims Administrator a list of all Class Members, and their last known addresses and email addresses, and the Parties will provide the Claims Administrator a copy of the Settlement Notice as approved by the Court.

c.      Within forty-five (45) days after entry of this Order, the Claims Administrator shall send the Settlement Notice to all Class Members, via First Class regular U.S. mail and email, using the most current mailing addresses and email addresses presently available to Postmates.

d.      Any Settlement Notices returned to the Claims Administrator by the Postal Service with a forwarding address shall be re-mailed by the Claims Administrator within five (5) business days following receipt of the returned mail by the Claims Administrator.  If any Settlement Notice is returned to the Class Administrator without a forwarding address, the Claims Administrator shall undertake reasonable efforts to search for the correct address and shall promptly re-mail the Settlement Notices to any newly-found addresses.

e.      If any person contacts any of the parties before thirty (30) days following the date on which the Claims Administrator mails the Settlement Notice to the Class Member, claiming that he or she should have been sent a Settlement Notice and should be entitled to participate in the Settlement, that person shall be instructed to submit his or her position in writing to Plaintiffs' Counsel and Defendant's Counsel, together with any documents or other evidence in support of such position. Counsel for the parties shall be promptly notified of any dispute and given access to any documents or other evidence that any person submits in support of his or her position with respect to the dispute. The Parties shall then attempt to resolve the dispute.

f.      The Final Settlement Approval Hearing is scheduled for November 6, 2019 at 2:30 p.m. in Courtroom 14 before the Hon. Jennifer C. Boal, U.S.M.J.

g.      Counsel for the parties shall file a motion seeking final approval of the Settlement by October 23, 2019.  Such motion shall be accompanied by separate motion by counsel for the Plaintiff seeking approval of any proposed fees, expenses, or incentive awards.

10. The Court confirms James D. Livingstone and John P. Regan from Employee Rights Group, LLC as Class Counsel.

11. The Court confirms Rust Consulting, Inc. as the Class Administrator.

IT IS SO ORDERED.

/s/ Jennifer C. Boal
JENNIFER C. BOAL
UNITED STATES MAGISTRATE JUDGE