UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BENJAMIN SASOON and <br> MARGA CELADO, <br> Individually and on Behalf of All Other <br> Persons Similarly Situated, <br><br>         Plaintiff, <br><br> v. <br><br> POSTMATES, INC., <br><br>         Defendant. | Civ. Action No. 17-11397-JCB |

## FINAL ORDER APPROVING CLASS ACTION SETTLEMENT

The matter coming before the Court on the request for final approval of the class action settlement by plaintiffs, Benjamin Sasoon and Marga Celado ("Plaintiffs"), and defendant Postmates, Inc. ("Postmates" or "Defendant"), due notice given, the parties appearing through counsel, and the Court fully advised in the premises, **IT IS HEREBY ORDERED**:

1.      This Court has jurisdiction over the parties, the members of the Settlement Class, and the claims asserted in this lawsuit.

2.      Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the settlement of this action, as embodied in the terms of the Amended Class Action Settlement Agreement ("Settlement Agreement"), is hereby finally approved as a fair, reasonable and adequate settlement of this case in the best interests of the Settlement Class in light of the factual, legal, practical and procedural considerations raised by this case.

1

3. The Settlement Class is defined as follows: All third-party independent delivery professionals/couriers who delivered food or goods in Massachusetts for Postmates from June 27, 2014 to July 1, 2019, and who did not sign an arbitration agreement with the Defendant.

4. The Court finds that the Settlement Agreement was entered into in good faith following arm's-length negotiations between experienced counsel representing the interests of the Plaintiffs, the Settlement Class, and Defendant.

5. Upon the Declaration of Abigail Schwartz for Rust Consulting, Inc., the Court finds that the notice provided to the Settlement Class members was the best notice practicable under the circumstances and it satisfied the requirements of due process and Federal Rule 23(e)(1).

6. No members of the Settlement Class filed objections to the settlement.

7. No members of the Settlement Class requested exclusion from the Settlement Class.

8. After due consideration of, among other things, the benefits to the Settlement Class members and the uncertainty about the likelihood of: (a) the Class's ultimate success on the merits; (b) the range of the Class's possible recovery; (c) the complexity, expense, and duration of the litigation; (d) the substance and amount of opposition to the settlement; (e) the state of proceedings at which the settlement was achieved; and (f) all written submissions, declarations and arguments of counsel; and, after notice and hearing, this Court finds that the settlement is fair, adequate and reasonable, and in the best interests of the Settlement Class. This Court also finds that the financial settlement terms fall within the range of settlement terms that would be considered fair, adequate and reasonable. Accordingly, this settlement should be and is APPROVED and shall be consummated in accordance with the terms and provisions of the Settlement Agreement and shall govern all issues regarding the settlement and all rights of the

parties, including the Class Members. Each Class Member shall be bound by the Settlement Agreement, including being subject to the Releases set forth in the Settlement Agreement.

9. The Court expressly adopts and incorporates herein all of the terms of the Settlement Agreement. The parties to the Settlement Agreement shall carry out their respective obligations under that Agreement.

10. The Court dismisses this action, and all claims and causes of action asserted therein, on the merits and with prejudice, as to all Class Members. This dismissal is without costs to any party, expect as specifically provided in the Settlement Agreement, and the Stipulation of Settlement and Release contained therein.

11. This Order is not a finding of the validity or invalidity of any claims in this action or a determination of any wrongdoing by Postmates. The final approval of the Settlement Agreement does not constitute any opinion, position, or determination of this Court, one way or the other, as to the merits of the claims and/or defenses of Defendant Postmates or the Class Members.

12. Without affecting the finality of this Order in any way, the Court retains jurisdiction over: (a) implementation and enforcement of the Settlement Agreement pursuant to further orders of the Court until each and every act agreed to be performed by the parties hereto shall have been performed pursuant to the Settlement Agreement; (b) any other action necessary to conclude this settlement and to implement the Settlement Agreement; and (c) the enforcement, construction, and interpretation of the Settlement Agreement.

13. A separate order shall be entered regarding Class Counsel's petition for attorney's fees and expenses and Plaintiffs' petition for an incentive award. Such orders shall not disturb or affect any of the terms of this Order.

14. The terms of the Settlement Agreement remain binding upon the parties thereto, who are directed to implement its provisions.

                                                        BY ORDER OF THE COURT

Dated: May 15, 2020                            /s/ Jennifer C. Boal
                                                Jennifer C. Boal
                                                United States Magistrate Judge